UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARCUS AVERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:24-CV-7-CLC-JEM |
| ) | |
| MIKE PARRIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff has filed two unsigned motions for extension of time to complete the grievance process pursuant to Tenn. Code Ann. § 41-21-806 [Docs. 1, 2] and a motion for leave to proceed *in forma pauperis* [Doc. 5]. While the Clerk docketed Plaintiff's first motion for extension, to which he attached a grievance, as a complaint [Doc. 1], it is apparent from the Court's reading of Plaintiff's substantive filings as a whole that Plaintiff has filed only requests for the Court to allow him additional time to exhaust the grievance procedure and file a § 1983 complaint for an incident that occurred on December 8, 2023 [*Id.* at 1–5; Doc. 2 at 1–2].

However, as Plaintiff failed to sign his motions for extension [Docs. 1, 2], they do not comply with Rule 11 of the Federal Rules of Civil Procedure, which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper he files with the court. Fed. R. Civ. P. 11(a) (providing that "[the] court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

Nevertheless, even if Plaintiff had signed his motions for extension, it appears from these motions, which are less than clear, that Plaintiff asks the Court to stay the proceedings for sixty days to permit him to exhaust the grievance procedure pursuant to Tenn. Code Ann. § 41-21-806 prior to his filing his § 1983 complaint [*Id.*]. But the Prison Litigation Reform Act ("PLRA"),

rather than Tennessee statutes, applies in this action to determine whether Plaintiff may proceed in this action without first exhausting his administrative remedies. And the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

Accordingly, Plaintiff's motions for extension of time to pursue the grievance process pursuant to Tenn. Code Ann. § 41-21-806 [Docs. 1, 2] are improper and **DENIED**.

Moreover, as Plaintiff has not filed a complaint herein, he has not commenced an action in this Court. Fed. R. Civ. P. 3 (providing that "[a] civil action is commenced by filing a complaint with the Court."). As such, his motion for leave to proceed *in forma pauperis* [Doc. 5] is **DENIED as premature**, and this action will be **DISMISSED without prejudice** to Plaintiff filing a complaint.

    **SO ORDERED**.

    **ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**