UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MARCUS AVERY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CV-007-CLC-JEM |
| MIKE PARRIS, SEAN CRABTREE, STACY OAKES, and STEVE JONES, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff, a Tennessee Department of Correction prisoner, filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 9]. On August 5, 2024, the Court entered an order that, among other things, gave Plaintiff fifteen days to file an amended complaint and warned Plaintiff that failure to timely comply would result in the Court dismissing the case for failure to comply with Court orders and want of prosecution [Doc. 13 at 3–4, 6]. Plaintiff has not complied with this order or otherwise communicated with the Court, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case sua sponte, meaning on its own initiative, when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to his willfulness or fault, as it appears Plaintiff received the Court's previous order and chose not to comply. As to the second factor, Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants. As to the third factor, as noted above, the Court notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action [*Id.* at 6]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff was granted leave to proceed *in forma pauperis* in this action but has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from filing an amended complaint in accordance with the Court's previous order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**